UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 13-66 |
| NEMESSIS BATES | SECTION: R(4) |

## **ORDER AND REASONS**

Defendant Nemessis Bates moves this Court to sever his trial from that of defendant Walter Porter. For the following reasons, the Court GRANTS the motion to sever.

**I. Background**

On April 4, 2013, the grand jury returned the four-count indictment naming defendant Nemessis Bates.[1] Bates was arraigned on April 15, 2013,[2] and trial was scheduled to commence on June 10, 2013, but was continued to October 7, 2013.[3] On September 10, 2013, the Government provided notice that it would not seek the death penalty against Bates.[4] Trial was later continued to December 9,

---

[1] R. Doc. 1.

[2] R. Doc. 20.

[3] R. Doc. 44.

[4] R. Doc. 61.

2013, then again to February 18, 2014,⁵ and then again to June 9, 2014.⁶

On April 17, 2014, approximately one year after the grand jury returned the original indictment naming Bates, the grand jury returned the superseding indictment, which names defendants Nemessis Bates and Walter Porter, and includes four charges.⁷ Count I charges Bates with solicitation of murder-for-hire in violation of 18 U.S.C. §§ 1958(a) and 373.⁸ Count II charges Bates and Porter with the use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. §§ 1958(a) and 2.⁹ Count III charges Bates and Porter with causing death through use of a firearm in violation of 18 U.S.C. § 924(j)(1) and (2).¹⁰ Count IV charges Bates and Porter with conspiracy to possess firearms in relation to a crime of violence as alleged in Counts I, II, and III in violation of 18 U.S.C. § 924(o).¹¹

---

⁵ R. Doc. 80.

⁶ R. Doc. 97.

⁷ R. Doc. 100.

⁸ *Id.* at 1-2.

⁹ *Id.* at 2.

¹⁰ *Id.* at 2-3.

¹¹ *Id.* at 4.

Bates was arraigned on the superseding indictment on April 25, 2014.[12] To date, Porter has not been arraigned. Porter, unlike Bates, is death eligible as to Counts II and III of the superseding indictment.[13] For reasons explained elsewhere, trial was later continued to September 2, 2014,[14] then again to November 17, 2014,[15] and then again to March 16, 2015.[16] Trial is currently scheduled to begin on March 16, 2015.[17]

Defendant Bates now moves this Court to sever his trial from that of Porter.[18] The government does not oppose the motion.[19] In supporting his motion, Bates argues (1) that he and Porter have conflicting defenses, (2) that other charges filed against Porter in separate cases involving charges of multiple murders, aggravated assaults, drug trafficking, gang associations, multiple bank robberies, and firearms violations will create a prejudicial "spillover effect," and (3) unlike Bates, Porter is eligible for the death penalty in this case, which involves proceedings and

---

[12] R. Doc. 103.

[13] *See* R. Doc. 114 at 16.

[14] R. Doc. 115.

[15] R. Doc. 120.

[16] R. Doc. 125.

[17] R. Doc. 126.

[18] R. Doc. 128.

[19] *Id.*

considerations foreign to non-capital trials, so that separate trials will not impact judicial efficiency.

**II. Discussion**

Rule 14 provides that a court may order the severance of defendants' trials "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government[.]" Fed. R. Crim. P. 14(a); *see also Zafiro v. United States*, 506 U.S. 534, 538 (1993). But Rule 14 does not require severance even if prejudice is shown. Rather, "it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39. In exercising that discretion, the district court is to "balance the right of a defendant to a fair trial against the interests of judicial economy." *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979).

When the Government indicts defendants together, there is a preference for joint trials of the defendants. *Zafiro*, 506 U.S. at 537. Courts have generally held that when defendants are indicted together, they should be tried together. *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994). This is especially true when the defendants are charged with the same conspiracy. *See id.* The Supreme Court has directed a court to sever charges "only if there is a risk that a joint trial would compromise a specific right of

one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The defendant carries the "heavy burden" of showing "specific and compelling prejudice." *United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994).

### A. Mutually Antagonistic Defenses

Bates contends that his defense and Porter's anticipated defense are mutually antagonistic. Bates plans to defend on the basis that Porter committed the murder, but that he did not solicit Porter to do so. In contrast, Bates anticipates that Porter will present a reasonable doubt defense. The Fifth Circuit provides that "[i]t is undisputed that, in some circumstances, 'mutually antagonistic' defenses may be so prejudicial as to mandate severance." *United States v. Neal*, 27 F.3d 1035, 1045-46 (5th Cir. 1994) (citing *Zafiro v. United States*, 506 U.S. at 539). Such a case arises when the "defenses [are] antagonistic to the point of being irreconcilable and mutually exclusive." *United States v. Romanello*, 726 F.2d 173, 177 (5th Cir. 1984). Specifically, the Fifth Circuit requires that

> [t]he essence or core of the defenses must be in conflict, such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other. Such compelling prejudice does not arise where the conflict concerns only minor or peripheral matters which are not at the core of the defense.

5

*Id.* (internal citation omitted). *See also Neal*, 27 F.3d at 1046 ("Defenses are antagonistic if they are mutually exclusive or irreconcilable, that is, if the core of one defendant's defense is contradicted by that of another."). "It is not necessary for each defendant to base the core of his defense on the direct accusation of his co-defendant. Severance may be required if only one defendant accuses the other, and the other denies any involvement." *Romanello*, 726 F.2d at 177.

Here, Bates claims that he will assert a defense that Porter committed the alleged murder, but that he did not solicit Porter to do so.[20] In contrast, Bates asserts, on information and belief, that Porter will advance a reasonable doubt defense on the murder charge.[21] The Court, at this time, finds that Bates fails to demonstrate that these defenses are mutually antagonistic or exclusive. On this record, it is not clear that Bates' contention that Porter committed the murder is a core of his defense. This follows because Bates has not indicated whether he will put forth a defense that there is no evidence that he solicited the murder, or, in contrast, that Porter had a separate reason to commit the murder. In the latter case, it would be a closer question as to whether the defendants have mutually antagonistic defenses. At this time, however, the Court does not find that Bates has demonstrated

---

[20]  *Id.* at 4.

[21]  *Id.*

that mutually antagonistic defenses exist. Still, the Court recognizes that as the nature of the testimony becomes clear, mutually antagonistic defenses could develop.

**B. Severance is Proper Because of Delays Associated with Co-Defendant's Defense**

Bates also contends that the "spillover effect" of the evidence offered against Porter, including evidence of the crimes alleged in the other cases involving Porter, will prejudice him.[22] Bates argues that evidence of Porter's "commission of other, similar violent crimes–none of which involve[s] defendant–is likely to unfairly prejudice the jurors against the defendant."[23] Bates also argues that evidence of Porter's association with the Hankton Organization, an organization in which Bates admits no association, will be unduly prejudicial.[24]

Here, there is some potential for "spillover effect" prejudice given that Porter is charged with multiple other murders, is eligible for the death penalty in this case, and is allegedly involved with the Hankton criminal organization. Typically, this type of potential prejudice alone would not suffice for a severance given the possibility of curative instructions. The Court finds,

---

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.* at 6.

however, that subjecting Bates to the lengthy delays that will undoubtedly arise if his trial is not severed from Porter's does not serve the interests of justice and will be prejudicial to Bates. Bates was indicted in April 2013, approximately a full year before Porter was indicted in this case. After numerous continuances, trial is currently scheduled for March 16, 2015. For reasons discussed elsewhere, Porter has not even been arraigned, and it is unclear when he will be ready for trial. Moreover, Porter is death eligible, whereas Bates is not. The delays that will result form the determination of Porter's eligibility for capital punishment make the March 16th trial date problematic. Moreover, Porter's pretrial preparation, if the government seeks the death penalty against him, will be protracted because of the need for discovery of mitigation evidence and the possibility of hearings on special issues unique to capital cases. Further, "[c]aptial trials involve procedures and considerations totally foreign to non-capital trials, *inter alia*, the additional [peremptory] challenges and voir dire questioning."[25] Declining to sever Bates' trial from

---

[25] *Id.* The Court in *United States v. McVeigh* discussed similar efficiencies that result from holding separate trials:
> There are efficiencies and advantages in single focused trials. The time needed for jury selection is significantly reduced: the number of defense peremptory challenges is halved and only one defense counsel conducts voir dire questioning. It is easier to apply the rules of evidence when there is a trial of one defendant, particularly with regard to the admissibility of statements offered under Rule 801(d)(2); character evidence under Rule 404(a)(1) and

Porter's will subject Bates to a lengthy and unnecessary delay that is not in the interests of an efficient resolution of his case. Finally, given these circumstances, the Government expresses no opposition to severance, and, while it does not join the motion, it does not dispute that severance is the prudent choice. On balance, the Court finds that separate trials will not disserve the interests of judicial economy, and severance is in the interests of justice to prevent prejudice to Bates. Accordingly, the Court grants the motion to sever.

## III. Conclusion

For the foregoing reasons, the Court GRANTS the motion to sever.

New Orleans, Louisiana, this 30th day of September, 2014.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

proof of motive, opportunity, intent, preparation, plan, knowledge and identity under Rule 404(b). Given these considerations, it is far from certain that the time required for two separate trials would, in total, be substantially greater than the time required for a joint trial.

169 F.R.D. 362, 370 (D. Colo. 1996).