UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 13-66 |
| NEMESSIS BATES | SECTION: R(4) |

**ORDER AND REASONS**

Defendant Nemessis Bates moves to dismiss Counts One and Two of the Superseding Indictment for lack of jurisdiction.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

On April 17, 2014, a federal grand jury in the Eastern District of Louisiana returned a four-count indictment charging defendant, Nemessis Bates, with solicitation to commit a crime of violence in violation of 18 U.S.C. §§ 1958(a) and 373; use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. §§ 1958(a) and 2; causing death through use of a firearm in violation of 18 U.S.C. §§ 924(j)(1) and 2; and conspiracy to possess firearms in violations of 18 U.S.C. § 924(o).[2]

Defendant now moves to dismiss Counts One and Two of the Superseding Indictment for lack of jurisdiction. Specifically,

---

[1]   R. Doc. 171.

[2]   R. Doc. 99.

defendant asserts that there is no evidence that facilities of interstate commerce were used in connection with Counts One and Two.

## II. LAW AND ANALYSIS

Federal Rule of Criminal Procedure Rule 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending."  In considering whether an indictment fails to state an offense, the Court "is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).  In the Fifth Circuit, "[t]he propriety of granting a motion to dismiss an indictment under [Rule] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005).  "If a question of law is involved, then consideration of the motion is generally proper." *Id.*

But "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits." *United*

*States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). Courts therefore lack authority to dismiss an indictment "on the basis of a 'sufficiency-of-the-evidence' defense which raises factual questions embraced in the general issue." *Id.* (citing *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973)). *See also United States. v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987) ("[A] pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue."). A court, however, "may make preliminary findings of fact necessary to decide the question of law presented where such facts do not invade the province of the ultimate finder of fact or are undisputed." *United States v. Kaluza*, No. 12-265, 2013 WL 6490341, at \*2 (E.D. La. 2013) (citing *United States v. Flores*, 404 F.3d 320, 324 n.6, 325 (5th Cir. 2006)).

"An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (quoting *United States v. Sims Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001), *reh'g denied*, 31 Fed. App'x 837 (5th Cir. 2002)). "The test for validity is not whether the indictment could have been framed in a more

satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). As a general rule, it is sufficient to set forth the offense "in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense." *Id.*

### A. Count One

Count One charges defendant with solicitation to commit a crime of violence, specifically use of interstate commerce facilities in the commission of murder-for-hire. The Superseding Indictment charges:

> Beginning at a time unknown but prior to November 21, 2010, and continuing to on or about April 2011, in the Eastern District of Louisiana, the defendant . . . with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person and property of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, and endeavor to persuade such other person to engage in such conduct; that is, the use of interstate commerce facilities in the commission of murder-for-hire, in violation of Title 18, United States Code, Section 1958(a); all in violation of Title 18, United States Code, Section 373.[3]

An 18 U.S.C. § 373(a) offense arises when an individual

> with intent that another person engage in conduct constituting a felony that has an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and

---

[3] *Id.* at 1-2.

> circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct . . . .

An 18 U.S.C. 1958(a) offense arises when an individual

> travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so . . . .

A conviction under the federal solicitation statute requires the solicitation of a federal offense. *See United States v. Korab*, 893 F.2d 212 (9th Cir. 1989). "Solicitation" means "asking another person to commit an offense." *United States v. Mejia-Aguilar*, 575 Fed. Appx. 233, 238 (5th Cir. 2014) (citation omitted). To sustain a conviction for federal solicitation, the government must prove two elements: (1) that the defendant had the intent, shown to be serious by strongly corroborative circumstances, that another person engage in conduct constituting a felony crime of violence in violation of federal law, and (2) that the defendant commanded, induced, or otherwise endeavored to persuade the other person to commit the felony. *United States v. Razo-Leora*, 961 F.2d 1140, 1147 n.6 (5th Cir. 1992). Where the underlying crime is murder-for-hire, the government must show: (1) that the defendant intended for another person to commit murder-for-hire, and (2) that the

defendant induced or tried to persuade that other person to commit murder-for-hire.  *United States v. Blevins*, 397 Fed. Appx. 72, 76 (5th Cir. 2010) (citations omitted).

The Fifth Circuit had held that actual movement in interstate commerce is not required for a solicitation conviction under section 373.  *Id.; cf. United States v. Blackthorne*, 378 F.3d 449, 454 (5th Cir. 2004) ("Even where a conviction for the substantive offense of murder-for-hire fails for want of interstate travel, a defendant can be convicted of conspiring to commit the offense.")). In *Blevins*, *supra*, the Fifth Circuit upheld the district court's jury instruction as a correct statement of the law when, after explaining the elements of 18 U.S.C. §§ 373(a) and 1958, the court instructed the jury: "It is not required that anyone actually traveled in interstate commerce for you to find the defendant guilty of solicitation to commit a crime of violence, so long as you find beyond a reasonable doubt that the defendant intended to cause another to travel in interstate commerce to commit the crime of murder for hire."  *Id.*   Thus, while actual movement in interstate commerce or use of interstate commerce facilities is not required in connection with the solicitation, intent to cause another to travel in interstate commerce or to use interstate commerce facilities is a substantive element of the offense.

Here, defendant seeks dismissal of Count One on the grounds that there is no evidence that interstate commerce facilities were

6

used in connection with the solicitation. But, as stated, a conviction for solicitation of use of interstate commerce facilities in the commission of murder-for-hire does not require the use of interstate commerce facilities. Therefore, defendant's argument is without merit.

Moreover, Count One of the Superseding Indictment is otherwise sufficient. Count One correctly charges that defendant intended for another person to use interstate commerce facilities in the commission of murder-for-hire and that he induced or tried to persuade that other person to do the same. *See United States v. Williams*, 679 F.2d 504, 508-09 (5th Cir. 1982) (holding that an indictment is not insufficient because it alleges interstate commerce effects under the Hobbs Act in conclusory terms). The indictment is therefore sufficient and the Court will not consider the adequacy of the evidence on defendant's pretrial motion to dismiss. *See Ayarza-Garcia*, 819 F.2d at 1048 ("[W]hen a question of federal subject matter jurisdiction is intermeshed with questions going to the merits, the issue should be determined at trial. This is clearly the case when the jurisdictional requirement is also a substantive element of the offense charged." (internal citations omitted)).

Accordingly, defendant's motion to dismiss Count One of the Superseding Indictment is denied.

**B. Count Two**

Count Two charges defendant with use of interstate commerce facilities in the commission of murder-for-hire. The Superseding Indictment charges:

> Beginning at a time unknown, but prior to November 21, 2010, and continuing to on or about April 2011, in the Eastern District of Louisiana and elsewhere, the defendant[] . . . conspired to use any facility of interstate commerce and used and caused another to use a facility of interstate commerce with the intent that a murder be committed in violation of the laws of Louisiana as consideration for the receipt of, and as consideration for a promise or agreement to pay, anything of pecuniary value, and in the course thereof caused the death of Christopher Smith through the use of a firearm, whose death constituted murder as defined in Title 18, United States Code, Section 1111, in that defendant[] willfully, deliberately, maliciously and with premeditation, unlawfully killed and caused the death of Christopher Smith; all in violation of Title 18 United States Code, Sections 1958(a) and 2.[4]

As stated, an 18 U.S.C. 1958(a) offense arises when an individual

> travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so . . . .

Section 1958(b)(2) defines "facility of interstate or foreign commerce" to include any "means of transportation and communication." As the Fifth Circuit has noted, "use of interstate commerce facilities [in connection with murder-for-hire] is a

---

[4]   *Id.* at 2.

jurisdictional requirement only and the government need not prove that [a defendant] had knowledge of or intended the use of such facilities." *United States v. Edelman*, 873 F.2d 791, 792 (5th Cir. 1989) (addressing 18 U.S.C. § 1952A, the predecessor to 18 U.S.C. 1958).  It is sufficient, therefore, when the evidence shows that interstate commerce facilities "were in fact used in the commission of th[e] offense and that [the defendant] had knowledge of the nature of the substantive offense which he promoted."  *Id.* at 795.

While acknowledging that the government possesses some evidence of use of interstate commerce facilities in connection with the alleged murder-for-hire, defendant contends that the evidence is insufficient to establish beyond a reasonable doubt that interstate commerce facilities were used in the commission of the alleged murder-for-hire.[5]  Importantly, defendant does not

---

[5]   Defendant points to two pieces of evidence: (1) testimony from a co-defendant indicating that the internet was used in connection with the alleged crime, and (2) telephone records indicating, at the very least, attempted telephone calls between defendant, Bates, and a co-defendant on the day of the alleged murder.  Defendant asserts that the evidence regarding internet use is insufficient because it comes from the uncorroborated testimony of a co-defendant.  As to the telephone records, defendant contends that they are insufficient because they do not indicate definitively whether the calls were successfully placed, much less whether the calls were placed in connection with the alleged crime.  The government correctly points out that the jury is the final arbiter of the credibility of a witness, *Razo-Leora*, 961 F.2d at 1145, and disputes the defendant's representation of the telephone records.  Because these facts are disputed and the Court does not have before it a complete factual record, the Court cannot engage in fact finding to resolve a question of law related to defendant's challenge of the Superseding Indictment.  *See Flores*, 404 F.3d at 324 n.6, 325.

challenge the sufficiency of Count Two of the Superseding Indictment and instead challenges the sufficiency of the government's evidence. But, as stated, when an indictment is sufficient on its face, a defendant may not challenge an indictment on the basis that it is not supported by adequate evidence. *See Mann*, 517 F.2d at 267; *United States v. Branton*, No. 14-00050, 2014 WL 3887403, at *2 (W.D. La. Aug. 7, 2014) ("[T]here is no summary judgment procedure in criminal cases, nor do the federal rules provide for a pretrial determination of the sufficiency of the evidence. Instead, the sufficiency of a criminal indictment is determined from the face of the indictment itself."). Here, Count 2 sufficiently alleges the use of interstate commerce facilities in connection with the murder-for-hire. Accordingly, defendant's motion to dismiss Count 2 of the Superseding Indictment is denied.

### III. CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.


New Orleans, Louisiana, this 23rd day of March, 2015.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE