```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 13-66

NEMESSIS BATES                              SECTION: R(4)
```

## ORDER AND REASONS

Defendant Nemessis Bates moves *in limine* to permit him, under Federal Rule of Evidence 609(b), to cross-examine a government witness about two prior convictions incurred over ten years ago involving dishonest acts and false statements.[1]  The government does not oppose the motion.  For the following reasons, the Court GRANTS the motion.

## I. BACKGROUND

Defendant is accused of hiring a "hitman" to murder Christopher "Tiger" Smith.  He is charged with four counts in the superseding indictment: (1) solicitation to commit a crime of violence in violation of 18 U.S.C. §§ 1958(a) and 373; (2) use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. §§ 1958(a) and 2; (3) causing death through use of a firearm in violation of 18 U.S.C. §§ 924(j)(1) and

---

[1]   R. Doc. 205.

2; and (4) conspiracy to possess firearms in violation of 18 U.S.C. § 924(o).[2]

According to defendant, the government plans to call to testify at trial defendant's former "male friend" ("Witness A"). Defendant anticipates that Witness A will testify that defendant told him that defendant had hired a hitman. Defendant further anticipates that the government will elicit similar testimony from defendant's former "girlfriend." At the time defendant filed this motion, defendant did not have access to Witness A's arrest and conviction record, but represents that Witness A has been prosecuted within the past fifteen to twenty years by the United States Attorney's Office, and upon his pleas of guilty, was convicted twice. According to defendant, Witness A was convicted twice for crimes of bank and credit card fraud. Defendant represents that Witness A was sentenced to terms of imprisonment for both convictions. The government has stipulated to the existence of Witness A's prior convictions.

## II. LEGAL STANDARD

Federal Rule of Evidence 609 governs impeachment by proof of a witness's earlier criminal convictions. "The rule is premised on the belief that a witness's criminal past is indicative of a dishonest character or a willingness to flaunt the law." Steven

---

[2] R. Doc. 99.

Goode & Olin Guy Wellborn III, *Courtroom Handbook on Federal Evidence*, 432 (2011). Rule 609(a)(2) provides that evidence of a witness's prior criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." Crimes that involve dishonesty or false statement include crimes such as perjury, criminal fraud, embezzlement, or any other offenses involving some element of deceit, untruthfulness or falsification. Fed. R. Evid. 609, adv. comm. notes. But, under Rule 609(b), "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction is admissible only if: "(1) its probative value, supported by facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." In the Fifth Circuit, to admit evidence of prior convictions under Rule 609(b), the court "must find that the probative value *substantially* outweighs the prejudicial effect and base that finding on 'specific facts and circumstances.'" *United States v. Acosta*, 763 F.2d 671, 695 (5th Cir. 1985) (quoting Fed. R. Evid. 609(b)). For convictions older than ten years, the general rule is inadmissibility. *United States v. Hamilton*, 48 F.3d 149, 154 (5th Cir. 1995).

3

In weighing the probative value versus any prejudicial effect of admitting prior convictions under Rule 609(b), courts consider the following factors:

(1) The nature [impeachment value] of the crime.

(2) The time of conviction.

(3) The similarity between the past crime and the charged crime.

(4) The importance of [the witness's] testimony.

(5) The centrality of the credibility testimony.

*Id.* at 695 n.30 (quoting *United States v. Hawley*, 554 F.2d 50, 53 n.5 (2d Cir. 1977)).

**III. ANALYSIS**

As to the first factor, the impeachment value of the prior crimes, the Fifth Circuit has held that "prior crimes involving deliberate and carefully premeditated intent such as fraud and forgery are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent." *United States v. Cohen*, 544 F.2d 781, 785 (5th Cir. 1977) (quoting *United States v. San Martin*, 505 F.2d 918, 923 (5th Cir. 1974)). "[S]uch crimes are more probative on the issue of propensity to lie under oath than more violent crimes which do not involve dishonesty." *Id.* (citing Ladd, *Credibility Trends*, 89 U. PA. L. REV. 166 (1940)). Here, Witness A was convicted of bank and credit card fraud. Defendant represents that Witness A

4

obtained personal information on various targets, after which, he called their banks, pretended to be that person, and thereby gained access to the target's credit card information.  Witness A then changed the target's address for the credit card, after which he made cash advances on the cards.  Because Witness A's prior convictions involve a calculated scheme of fraud, the impeachment value of his prior crimes weighs in favor of admission. *See United States v. Moore*, Cr. No. 12-283, 2013 WL 1345493, at *1 (D. Minn. April 2, 2013) (admitting, under Rule 609(b), prior convictions for providing false information to police and for offering a forged check as "highly probative" to defendant's truthfulness).

As to the second factor, the time of conviction, defendant represents that the convictions occurred fifteen to twenty years ago.  Therefore, this factor weighs against admission.  *See Hamilton*, 48 F.3d at 154 (noting that the general rule for convictions older than ten years is inadmissibility).

Where, as here, the defendant seeks to impeach a government witness, the third factor--the similarity between the past crime and the charged crime--is inapplicable.

As to the fourth and fifth factors, the importance of the witness's testimony and the centrality of the credibility testimony, defendant represents that Witness A is one of three witnesses who will likely testify as to defendant's alleged statements about hiring a hitman.  According to defendant, the

majority of the Government's remaining evidence is circumstantial, consisting of phone records and cell tower analysis.  Because, as defendant asserts, "the jury essentially has to choose between one version of events presented by the government's witness and another version presented by defendant," the credibility of the witnesses is a critical factor in the jury's choice as is his testimony.  When the crux of the case is a credibility issue, other courts have recognized that evidence of prior convictions of government witnesses takes on "special significance."[3]  *United States v. Pritchard*, 973 F.2d 905, 909 (11th Cir. 1992).  *See also United States v. Brown*, 603 F.2d 1022 (1st Cir. 1979).  Thus, the fourth and fifth factors weigh in favor of admission.

Taken together, the Court finds that the probative value of Witness A's prior convictions substantially outweighs any prejudicial effect.  In so holding, the Court emphasizes that the prejudicial effect is limited because it is not the defendant who will be impeached, *see United States v. Thomas*, 914 F.2d 139, 143 (8th Cir. 1990) (finding no abuse of discretion when the district court "found that the risk of unfair prejudice was minimal because [the witness] was not the defendant"), and the Court will provide a limiting instruction advising the jury that it may only consider this evidence for impeachment purposes.  Further, the government

---

[3] This is especially the case if "the defendant's testimony is pitted against that of the government witnesses." *Pritchard*, 973 F.2d at 909 n.6 (collecting cases).

has identified no prejudice, and does not oppose the use of the prior convictions for impeachment purposes. Accordingly, defendant's motion is granted.

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED.

New Orleans, Louisiana, this __1st__ day of June, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE