UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-66 |
| NEMESSIS BATES | SECTION "R" |

# ORDER AND REASONS

Before the Court is defendant Nemessis Bates's motion to vacate his sentence under 28 U.S.C. § 2255.[1] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, Bates's motion is denied.

## I. BACKGROUND

This case is a murder-for-hire prosecution arising from the November 21, 2010 killing of Christopher "Tiger" Smith.[2] On April 17, 2014, a grand jury returned a four-count superseding indictment charging Bates with solicitation to commit a crime of violence, in violation of 18 U.S.C. §§ 1958(a) and 373; conspiracy to use and use of interstate commerce facilities in the

---

[1] R. Doc. 595.
[2] For a more detailed account of the facts of this case, see R. Doc. 284.

commission of murder for hire, in violation of 18 U.S.C. §§ 1958(a) and 2; causing death through the use of a firearm, in violation of 18 U.S.C. §§ 924(j)(1) and 2; and conspiracy to possess a firearm, in violation of 18 U.S.C. § 924(o).[3] Bates elected to go to trial, and on June 4, 2014, the jury found Bates guilty on all counts.[4] On June 17, 2015, Bates moved for a judgment of acquittal or a new trial under Federal Rule of Criminal Procedure 29.[5] The Court denied the motion on September 10, 2015.[6]

On December 16, 2015, the Court sentenced Bates to life imprisonment.[7] Bates appealed his sentence on several different grounds,[8] and the Fifth Circuit affirmed his conviction and sentence on April 5, 2017.[9] Bates did not appeal the Fifth Circuit's decision. Bates has now moved to vacate his sentence under Section 2255 because he argues that he received ineffective assistance of counsel.[10]

---

[3]  R. Doc. 99.
[4]  R. Doc. 222.
[5]  R. Doc. 242.
[6]  R. Doc. 284.
[7]  R. Doc. 346; R. Doc. 350.
[8]  R. Doc. 348.
[9]  R. Doc. 466.
[10] R. Doc. 481.

## II. STANDARD OF REVIEW

### A. 28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules

Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the

error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B. Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if a court finds that the petitioner has made an insufficient showing as to either prong, the court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th

5

Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## III. DISCUSSION

### A. Section 2255 Motion

Bates alleges ineffective assistance of counsel on many grounds at every stage of proceedings. The Court will address his allegations of

ineffective assistance at the pretrial stage, the trial stage, the sentencing stage, and on appeal.

### 1. *Pretrial allegations*

Bates argues that his counsel provided ineffective assistance at the pretrial stage because: (1) he failed to file a motion to dismiss the superseding indictment on the grounds that it was multiplicitous or duplicitous; (2) he failed to request a *Massiah* hearing for witness Anthony Comadore; (3) he failed to move to dismiss counts three and four of the superseding indictment; (4) he failed to conduct an adequate investigation of Comadore; and (5) he failed to convey the complete terms of the pleas being offered by the government, knowing that Bates suffered limited mental abilities.

In an affidavit submitted to the Court, Bates' trial counsel Peter Strasser has indicated that he did not file a motion to dismiss the superseding indictment because in his professional opinion, "based on 30 years of federal criminal practice, the charges in the superseding indictment were neither multiplicitous nor duplicitous."[11] Further, Strasser states that "the evidence in this case did not support any inference, whatsoever, that Mr. Bates had no knowledge that a firearm would be used or carried in the 'hit' contracted by

---

[11] R. Doc. 491-1 at 1.

Mr. Bates upon the victim Tiger Smith."[12] Bates has provided the Court with no evidence whatsoever that the charges against him were multiplicitous or duplicitous. Nor does he provide any evidence for his assertion that he had no knowledge that a firearm would be used when he hired someone to carry out a "hit" on the victim. Conclusory allegations not supported by the record do not raise a constitutional issue that entitles a petitioner to relief under Section 2255. *See United States v. Stracener*, 959 F.2d 31, 33 (5th Cir. 1992).

Regarding witness Anthony Comadore, Strasser attests that "[i]t was my specific trial strategy to cross-examine Comadore as to whether he was a 'government agent' *before* the jury, *not* in a separate hearing outside the presence of the jury."[13] He further explains that this strategy was designed to both create reasonable doubt in the minds of the jury, and to provide grounds for a mistrial or retrial.[14] Indeed, Strasser argued in his motion for a new trial that Bates's confession to Comadore violated the Sixth Amendment.[15] The Court therefore finds that Bates's counsel adequately investigated Comadore's connection to the government, and it finds that counsel's decision to address this issue on cross-examination and in a motion

---

12  *Id.* at 2.
13  *Id.* at 1.
14  *Id.*
15  *Id.* at 2.

8

for a new trial constitutes a conscious and informed decision on trial tactics and strategy. Counsel therefore did not perform deficiently in this regard.

Third, the evidence does not support Bates's allegation that his counsel failed to inform him of the terms of the government's plea offers. Indeed, the evidence indicates that Bates refused to allow his counsel to engage in plea negotiations, despite two different attorneys' encouragement to do so.[16] Further, Strasser attests that, when he did speak to the government about a possible plea offer, he conveyed the offer to Bates, who immediately rejected it.[17] With regard to Bates's assertion that he suffered from limited mental abilities, Bates intentionally misrepresented himself as impaired during a psychological evaluation.[18] In fact, the assessment concluded that Bates had sufficient mental abilities to understand the legal proceedings.[19] Bates's argument regarding his attorney's failure to adequately convey any plea

---

[16] *See* R. Doc. 175-1 at 5-6 (letter from Bates requesting a new attorney because his lawyer repeatedly advised him that he should plead guilty in order to receive a lower sentence); R. Doc. 491-1 at 2 (attesting that Bates "made it abundantly clear to me that he did not want me to enter into any plea negotiations with the government"); manual attachment to R. Doc. 491-1, Exhibit A.
[17] R. Doc. 491-1 at 2.
[18] *Id.* at 3; manual attachment to R. Doc. 491-1, Exhibit C.
[19] *Id.*

offers from the government and his argument that he suffered from limited mental abilities are therefore meritless.

### 2. Trial allegations

Bates argues that his counsel provided ineffective assistance at the trial stage because: (1) he failed to challenge the sufficiency of the evidence; (2) he failed to move for a judgment of acquittal on the basis that the jury did not find that Bates conspired to commit 18 U.S.C. § 1958(a); and (3) he failed to request jury instructions under *Rosemond v. United States*, 572 U.S. 65 (2014).

Bates's counsel did challenge the sufficiency of the evidence and move for a judgment of acquittal in a Rule 29 motion for a new trial.[20] Bates's first two arguments are therefore factually incorrect. In *Rosemond*, the Supreme Court held that a defendant must know in advance that a firearm will be used by his confederate for accomplice liability under 18 U.S.C. § 924(c). *Id.* at 78. As already addressed, an equivalent instruction would not have been appropriate here, because there was no evidence that Bates was unaware that a firearm would be used when he hired someone to kill the victim. "An attorney's failure to raise a meritless argument . . . cannot form the basis of

---

[20] R. Doc. 242.

10

a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Bates's counsel did not err when he failed to request this type of jury instruction.

### 3. *Sentencing allegations*

Bates argues that his counsel provided ineffective assistance at the sentencing stage because: (1) he failed to review all of the mitigating evidence in anticipation of the sentencing hearing; (2) he failed to argue that Bates did not commit a qualifying predicate crime for a conviction under 18 U.S.C. § 924(o); and (3) he failed to argue that Bates' sentence violated due process under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

There is no support for Bates's assertion that his attorney failed to review the evidence before his sentencing hearing. Indeed, his counsel submitted to the Court an exhaustive and thoroughly-researched sentencing memorandum in advance of the hearing, despite Bates being subject to a mandatory life sentence.[21] With regard to Section 924(o), Bates was already facing a mandatory life sentence for his conviction under 18 U.S.C. § 1958(a). Any arguments as to his sentence under Section 924(o) were therefore moot

---

[21] R. Doc. 327-2.

because they would not have changed his sentence. *Johnson* has no bearing on Bates's sentence because he was not sentenced under the Armed Career Criminal Act and its residual clause.

### 4. Appeal allegations

Bates argues that his counsel provided ineffective assistance at the appeal stage because: (1) his appellate attorney failed to argue that his convictions were not qualifying predicate offenses for 18 U.S.C. § 924(o) in light of *Johnson*; (2) she failed to argue that his conviction violated due process because the term "crime of violence" is unconstitutionally vague under *Johnson*; (3) she failed to argue that he was "actually innocent" in light of *Johnson*; and (4) she failed to file a supplemental amendment addressing a *Johnson* claim.

As already explained, *Johnson* does not apply to any aspect of Bates's case. Indeed, his appellate counsel states in an affidavit that she did not make the arguments that Bates suggests in his motion, because "Mr. Bates was not charged with violations of the ACCA under 924(e), and in my reading of the *Johnson* case, it would not have applied to his matter."[22] Bates's

---

[22] R. Doc. 492-1 at 2.

counsel did not err in failing to make frivolous arguments that would not have changed the outcome of his appeal.

### 5. *Failure to raise* Johnson *and* Dimaya

Finally, as a separate ground, Bates argues that his appellate counsel was ineffective for failing to raise the issue of his innocence in light of *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The Court already determined that his counsel was not ineffective for failing to raise *Johnson* on appeal. *Dimaya* was decided in 2018, two years after Bates's direct appeal. His counsel thus could not have referred to it during his direct appeal. This claim also fails.

## B. Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Bates's motion does not satisfy these standards. For the reasons stated in this order, the Court finds that Bates's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists or deserve encouragement to proceed further. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Bates's motion to vacate his sentence under 28 U.S.C. § 2255. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __23rd__ day of July, 2019.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE