UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-66 |
| NEMESSIS BATES | SECTION "R" |

## ORDER AND REASONS

Nemessis Bates moves for compassionate release.[1] The Government opposes the motion.[2] Because Bates fails to demonstrate that he satisfies the exhaustion requirement, the Court denies the motion.

### I.   BACKGROUND

On June 4, 2015, a unanimous jury convicted Bates on all four counts listed in the superseding indictment.[3] Specifically, Bates was convicted of one count of solicitation to commit a crime of violence under 18 U.S.C. § 373,[4] one count of conspiracy to use interstate commerce facilities in the commission of murder-for-hire under 18 U.S.C. § 1958,[5] one count of causing

---

[1]   *See* R. Doc. 507.
[2]   *See* R. Doc. 513.
[3]   *See* R. Doc. 99.
[4]   *See* R. Doc. 222-1 at 1.
[5]   *See id.*

death through the use of a firearm under 18 U.S.C. § 924(j)(1),[6] and one count of conspiracy to possess firearms under 18 U.S.C. § 924(o).[7] The Court sentenced Bates to a life-term of imprisonment.[8]  Bates is incarcerated at Terre Haute USP and has no projected release date.[9]

## II.  DISCUSSION

Before a federal court will assess the merits of a motion for compassionate release, defendants must show that "[they have] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582.  The defendant bears the burden of demonstrating exhaustion.  *See, e.g.*, *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020).

---

[6]     *See id.* at 2.
[7]     *See id.* at 3.
[8]     *See* R. Doc. 350 at 3.
[9]     *See* Federal   Bureau   of   Prisons,   *Find   an   Inmate,* https://www.bop.gov/inmateloc/ (last visited November 15, 2020).

The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). In addition, the Fifth Circuit held that the exhaustion requirement is a "mandatory claim-processing rule." *Id.* at 468. Like other mandatory-claim processing rules, the Court must enforce the rule if a party properly raises the issue. *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019) ("A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it."). Here, the Government argues that Bates failed to comply with the exhaustion requirement,[10] so the Court must enforce the rule.

Nothing in the record suggests that Bates has satisfied the exhaustion requirement. Bates does not contend that he presented his motion for compassionate release to the warden of Terre Haute USP before filing in federal court. Nor does Bates argue that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582. As a result, Bates fails to show that he has exhausted his administrative remedies which creates a "glaring roadblock" to his motion for compassionate release. *United States*

---

10   *See* R. Doc. 513 at 9.

*v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, the Court must dismiss his motion without prejudice. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (holding that dismissal without prejudice is appropriate when compassionate-release movants fail to exhaust administrative remedies).

### III.  CONCLUSION

For the foregoing reasons, Bates's motion for compassionate release is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __16th__ day of November, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE