UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                  NO. 13-66

NEMESSIS BATES                              SECTION "R" (4)

## ORDER AND REASONS

Before the Court is defendant Nemessis Bates' motion for compassionate release.[1]  The Government opposes the motion.[2]  For the following reasons, the Court denies Bates' motion.

## I.      BACKGROUND

On June 4, 2015, a jury convicted Bates of one count solicitation to commit a crime of violence in violation of 18 U.S.C. §§ 373, 1958 (Count 1); one count conspiracy to use and use of interstate commerce facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958 (Count 2); one count of causing death through the use of a firearm in violation of 18 U.S.C. § 924(j)(1) (Count 3); and one count conspiracy to possess firearms in

---

[1]      R. Docs. 520 & 523.  Bates has filed two identical motions for compassionate release.  The Court will consider them as one motion.

[2]      R. Docs. 530.

violation of 18 U.S.C. § 924(o) (Count 4).[3]   In December 2015, the Court sentenced Bates to life imprisonment, consisting   of 240 months' imprisonment on Counts 1 and 4 and life on Counts 2 and 3, all terms to be served concurrently.[4]   Bates appealed his conviction to the U.S. Court of Appeals for the Fifth Circuit, arguing that the district court erred in allowing Bates' former cellmate to testify and in denying his motion for acquittal at the conclusion of the trial.[5]   The Fifth Circuit affirmed Bates' conviction.[6] Bates subsequently moved *pro se* to vacate his conviction and sentence under 28 U.S.C. § 2255, contending that he was denied effective assistance of counsel at various stages of the proceedings.[7]   The Court denied Bates' Section 2255 motion and declined to issue a certificate of appealability.[8] Bates then filed a motion for compassionate release, which the Court denied based on a failure to exhaust his administrative remedies.[9]

Bates now moves again for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[10]   Bates contends that "extraordinary and compelling

---

[3]   R. Doc. 222.
[4]   R. Doc. 350.
[5]   R. Doc. 466-1.
[6]   *Id.*
[7]   R. Doc. 481.
[8]   R. Doc. 498.
[9]   R. Docs. 507 & 514.
[10]   R. Doc. 523.

reasons" merit his early release because he is particularly vulnerable to suffering complications from COVID-19 due to preexisting conditions, his sentence is "unusually long," and he has completed rehabilitative programs while imprisoned.[11]

The Court considers the motion below.

## II.  LAW AND ANALYSIS

As a threshold matter, the Court finds that Bates has demonstrated that he has exhausted his administrative remedies with respect to his arguments that COVID-19 and his rehabilitative efforts present extraordinary and compelling reasons justifying his release, but he has not demonstrated that he has satisfied the exhaustion requirement for his argument that his sentence is unusually long.  *See United States v. Cantu*, No. 17-1046-2, 2022 WL 90853, at *1 (S.D. Tex. Jan. 5, 2022) ("[T]he exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release.").  The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

_____

[11]     *Id.*

Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Bates states that he exhausted his administrative remedies because he submitted a request for a reduction in his sentence to the warden at his correctional facility more than 30 days ago.[12] Records from the Bureau of Prisons show that Bates requested compassionate release from the warden at his correctional facility in 2022 based on his concerns about his health and his "program participation."[13] Bates also submitted a request in 2020 based on his concern about his vulnerability to COVID-19.[14] *See United States v. Pariseau*, No. 18-194, 2022 WL 15173493, at *3 (E.D. Wash. Oct. 26, 2022) (finding exhaustion when "[d]efendant submitted a request for compassionate release to the warden . . . more than a year ago"). Thus, Bates exhausted his administrative remedies on these grounds.

But Bates' motion also seeks compassionate release based on the argument that his sentence is unusually long, and there would be a gross disparity between the sentence he is serving and the one that would be imposed if he were sentenced today. *See* U.S.S.G. § 1B1.13(b)(6). Bates has

---

[12]   *Id.* at 12.
[13]   R. Doc. 530-2.
[14]   R. Doc. 530-1.

not presented this argument to the warden at his correctional facility. *See United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021) (the request submitted to the BOP should "allow the executive branch to carefully evaluate a claim in the first instance and possibly obviate the need for litigation before it begins"); *United States v. Wilson*, No. 14-209-1, 2020 WL 1975082, at *4 (E.D. Pa. Apr. 24, 2020) ("[T]he Bureau of Prisons must be fairly put on notice of the grounds for compassionate release."). BOP regulations require the defendant to identify, "at a minimum," the "extraordinary or compelling circumstances that the inmate believes warrant consideration" when filing a request to initiate a compassionate release motion. 28 C.F.R. § 571.61(a). A prisoner who has not complied with this requirement has not submitted any "proper request" to the BOP. *See United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021). Accordingly, Bates has not met his burden of demonstrating that he has exhausted his administrative remedies with respect to his argument concerning the length of his sentence. *United States v. Dinet*, No. 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) (holding that defendant's motion for compassionate relief was not "properly before th[e] Court," because, although defendant claimed that he exhausted his administrative remedies, he failed to present any evidence that a request was made to the warden of his facility). Based

on Bates' failure to exhaust this claim, the Court cannot order compassionate release on this ground, and will not consider whether it constitutes an extraordinary and compelling reason. *United States v. Franco*, 937 F.3d 465, 467 (5th Cir. 2020) (holding is exhaustion is non-jurisdictional, but mandatory).

While Bates has shown that he exhausted his administrative remedies as to his arguments concerning COVID-19 and rehabilitation, he has not shown that extraordinary and compelling reasons justify his release. Upon a prisoner's motion, a court may grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction," after considering the sentencing factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). But when a defendant fails to demonstrate "extraordinary and compelling reasons," the Court need not consider the § 3553(a) factors. *United States v. Reynard*, No. 10-329, 2021 WL 2662139, at *6 (E.D. La. June 29, 2021); *see also United States v. Thompson*, 984 F.3d 431, 433 & n.2 (5th Cir. 2021) (holding that if a court does not find any "extraordinary and compelling reasons" warranting compassionate release, it need not address the section 3553(a) factors).

In support of his motion, Bates argues that he is concerned about his physical health and the risk posed by the COVID-19 pandemic.[15] Specifically, Bates states that he suffers from hypertension, obesity, chronic kidney disease, major depressive disorder, panic disorder, anxiety disorder, and sleep apnea.[16]  The Court finds that Bates' health concerns, combined with his generalized fear of COVID-19, do not constitute "extraordinary [or] compelling reasons" warranting compassionate release. *See United States v. Rankin*, No. 06-41, 2020 WL 6720979, at *1 (S.D. Miss. Nov. 16, 2020) (denying compassionate release to a 47-year-old defendant who feared COVID-19 because of morbid obesity, hypertension, and anxiety). Defendant is forty-six years old and, although he asserts that he suffers from a number of health issues, the medical records he has filed corroborate only his claim that he suffers from mild sleep apnea.[17]

While Bates argues that the Court should find that he satisfies the criteria in U.S.S.G. § 1B1.13(b)(2) for extraordinary and compelling circumstances, which requires a defendant to show that he (1) is at least 65 years old; (2) is experiencing a serious deterioration in physical or mental health because of the aging process; and (3) has served at least 10 years or

---

[15]     R. Doc. 542.

[16]     R. Doc. 542 at 14.

[17]     R. Doc. 534-2.

75% of his term of imprisonment, whichever is less; Bates does not meet the criteria under that subsection because he is less than 65 years old.

The policy statement provision that most nearly applies to the arguments that Bates presents is U.S.S.G. § 1B1.13(b)(1)(D), which provides that a defendant may demonstrate extraordinary and compelling circumstances when he shows the following elements:

(i)      that he is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infection disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii)      due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii)      such risk cannot be adequately mitigated in a timely manner.

Bates has failed to show any of these criteria. In particular, while Bates refers to COVID-19 "outbreaks" that allegedly occurred in summer 2023 in USP Allen and USP Hazlewood and argues that prisons are generally high-risk venues for the spread of infectious disease,[18] he presents no evidence or argument to show that there is either "an ongoing outbreak" at USP Terre Haute, where he is incarcerated, or "an ongoing public health emergency declared" by any relevant authority. Accordingly, Bates cannot establish

---

[18]      R. Doc. 523 at 8-9.

extraordinary and compelling reasons for compassionate release under this provision.

To the extent that Bates raises a generalized fear of COVID-19, such a reason does not warrant compassionate release. *See United States v. Aguilar*, No. 22-10587, 2022 WL 17547455, at *1 (5th Cir. Dec. 9, 2022) (affirming district court's finding that no extraordinary and compelling reasoned justified compassionate release based on defendant's "health conditions, the COVID-19 pandemic, and sentencing disparities caused by post-sentencing changes in law"); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Wilfred*, No. 07-351, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020) ("[Defendant] has alleged only general concerns that the fact of being in a carceral setting raises the risk of COVID-19 infection.  Numerous courts have concluded that such broad allegations do not warrant a sentence reduction under § 3582.").

Finally, while Bates' rehabilitative efforts are commendable, they are not "extraordinary and compelling," either on their own or in conjunction with Bates' fear of COVID-19. *See United States v. Gutierrez*, No. 21-40465, 2022 WL 17832293, at *1 (5th Cir. Dec. 21, 2022) (affirming district court's

9

finding of no extraordinary and compelling circumstances when defendant presented COVID-19 pandemic, exacerbating health conditions, unique family circumstances, and rehabilitative efforts); *United States v. Soto*, No. 11-220, 2021 WL 3682196, at \*7 (E.D. Tex. Aug. 18, 2021) ("Although he provides the court with a list of commendable achievements and goals, [including earning his GED, refraining from disciplinary infractions, and completing courses and programs, defendant] has not presented sufficient grounds for compassionate release."); *United States v. Lewis*, No. 17-28, 2021 WL 4519795, at \*1-3 (W.D.N.Y. Oct. 4, 2021) (finding that defendant's rehabilitation and "his plan of action upon release" do not amount to "extraordinary and compelling" reasons for release); *see also United States v. Hudec*, No. 4-91, 2020 WL 4925675, at \*5 (E.D. Tex. Aug. 19, 2020) ("While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone.").

Accordingly, the Court finds that Bates does not demonstrate extraordinary and compelling reasons for compassionate release. Thus, the motion must be denied. *See United States v. Chehab*, No. 20-10855, 2021 WL 5313619, at \*2 (5th Cir. Nov. 15, 2021) (affirming district court's denial

of motion for compassionate release based on finding that no extraordinary and compelling reasons justified release, and declining to consider additional arguments because this was an adequate ground to affirm).

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release.[19]

New Orleans, Louisiana, this __2nd__ day of July, 2024.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19]    R. Docs. 520 & 523.