UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-66 |
| NEMESSIS BATES | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Nemessis Bates' motion for reconsideration of his motion for compassionate release pursuant to Federal Rule of Civil Procedure 60(b).[1] The Government opposes the motion.[2] For the following reasons, the Court denies Bates' motion.

### I.   BACKGROUND

On June 4, 2015, a jury convicted Bates of one count solicitation to commit a crime of violence in violation of 18 U.S.C. §§ 373, 1958 (Count 1); one count conspiracy to use and use of interstate commerce facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958 (Count 2); one count of causing death through the use of a firearm in violation of 18

---

[1]    R. Docs. 537.
[2]    R. Docs. 539.

U.S.C. § 924(j)(1) (Count 3); and one count conspiracy to possess firearms in violation of 18 U.S.C. § 924(o) (Count 4).[3] In December 2015, the Court sentenced Bates to life imprisonment, consisting of 240 months' imprisonment on Counts 1 and 4 and life on Counts 2 and 3, all terms to be served concurrently.[4] Bates appealed his conviction to the U.S. Court of Appeals for the Fifth Circuit, arguing that the district court erred in allowing Bates' former cellmate to testify and in denying his motion for acquittal at the conclusion of the trial.[5] The Fifth Circuit affirmed Bates' conviction.[6] Bates subsequently moved *pro se* to vacate his conviction and sentence under 28 U.S.C. § 2255, contending that he was denied effective assistance of counsel at various stages of the proceedings.[7] The Court denied Bates' Section 2255 motion and declined to issue a certificate of appealability.[8] Bates then filed a motion for compassionate release, which the Court denied based on a failure to exhaust his administrative remedies.[9]

---

[3] R. Doc. 222.
[4] R. Doc. 350.
[5] R. Doc. 466-1.
[6] *Id.*
[7] R. Doc. 481.
[8] R. Doc. 498.
[9] R. Docs. 507 & 514.

2

In November 2023, Bates moved again for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[10] Bates contended that "extraordinary and compelling reasons" merit his early release because he is particularly vulnerable to suffering complications from COVID-19 due to preexisting conditions, his sentence is "unusually long," and he has completed rehabilitative programs while imprisoned.[11] The Court found that Bates failed to show that he exhausted his administrative remedies as to his "unusually long" sentence argument, and so the Court did not consider if these merited extraordinary and compelling reasons for his early release.[12] The Court found that he did not show extraordinary and compelling reasons to justify compassionate release based on his COVID-19 and rehabilitation arguments.[13]

Bates now moves the Court to reconsider all matters in the original filing,[14] and attaches new documents that he argues establish that he did exhaust his administrative remedies for his unusually long sentence argument.[15] The Court considers the motion below.

---

[10]   R. Doc. 523.
[11]   *Id.*
[12]   R. Doc. 4–6.
[13]   R. Doc. 6.
[14]   R. Doc. 537 at 2.
[15]   *Id.* at 1.

3

## II. LAW AND ANALYSIS

A district court has considerable discretion to grant or to deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D.La. Feb. 3, 1998), aff'd, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D.La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting P*ioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir.2003)).

A movant must satisfy at least one of the above criteria to prevail. Here, petitioner asks the Court to reconsider all of his arguments, but he only presented new evidence for his unusually long sentence argument. The

4

Court will reconsider this argument in light of the new evidence but will not reconsider the other arguments concerning COVID-19 and rehabilitation because Bates failed to satisfy any of the criteria meriting reconsideration. The Court denies the motion to reconsider for the latter two arguments.

Based on the newly presented evidence,[16] the Court finds that Bates has exhausted his administrative remedies with respect to his unusually long sentence argument. The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Bates's new submission shows that he requested compassionate release from the warden at his correctional facility in August 2024 based on U.S.S.G. 1B1.13(b)(6).[17] Because thirty days have passed, this motion for compassionate release as to this issue is ripe for review, and the Court proceeds to the merits.

Upon a prisoner's motion, a court may grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a

---

[16] R. Doc. 537-1.
[17] *Id.*

5

reduction," after considering the sentencing factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). But when a defendant fails to demonstrate "extraordinary and compelling reasons," the Court need not consider the § 3553(a) factors. *United States v. Reynard*, No. 10-329, 2021 WL 2662139, at *6 (E.D. La. June 29, 2021); *see also United States v. Thompson*, 984 F.3d 431, 433 & n.2 (5th Cir. 2021) (holding that if a court does not find any "extraordinary and compelling reasons" warranting compassionate release, it need not address the section 3553(a) factors).

U.S.S.G. § 1B1.13(b)(6) outlines the criteria for finding an extraordinary and compelling circumstance for an unusually long sentence:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).[18] In support of his motion, Bates seems to argue that he meets the criteria for an unusually long sentence because his sentence is

---

[18]    The Department of Justice argues that U.S.S.G. § 1B1.13(b)(6) exceeds the Commission's authority because the statutory section the provision is found under, section 3582, does not authorize sentence reductions based on non-retroactive changes in sentencing law. R. Doc. 530 at 7

long, and he provides some individualized circumstances, including that he is remorseful, acknowledges he made poor decisions, avers that he was deceived and manipulated by the people around him, and confirms that he participated in rehabilitation programming.[19]

Bates does not assert that there has been a change in the law to justify a disparate sentence. And indeed, there has not been any relevant change that would produce a gross disparity between the sentence he is serving and the sentence likely to be imposed now. The two counts on which the Court sentenced Bates to life imprisonment[20] still provide for or allow sentences of life imprisonment. *See* 18 U.S.C.A. § 1958(a) (On Count 2, if death occurs in the murder for hire scheme, the defendant "shall be punished by death or life imprisonment."); 18 U.S.C.A. § 924(j)(1) (On Count 3, if a person causes the death of another through the use of a firearm and that killing is a murder, he "shall . . . be punished by death or by imprisonment for any term of years or for life."). The two counts on which the Court sentenced Bates to 240 months' imprisonment[21] both still allow for sentences of 20 years. *See* 18 U.S.C.A. § 373(a) (On Count 1, when a person solicits another person to

---

      n.5. The Court need not reach this argument because Bates does not meet the criteria under U.S.S.G. § 1B1.13(b)(6).

[19]    R. Doc. 523 at 522.
[20]    R. Doc. 350.
[21]    *Id.*

engage in prohibited conduct and that conduct is punishable by life imprisonment or death, he "shall be imprisoned for not more than twenty years."); 18 U.S.C.A. § 924(o) (On Count 4, a person who is guilty "shall be imprisoned for not more than 20 years."). Bates could receive a similar sentence today under the circumstances of his conviction, especially since Count 2 contained and continues to contain a statutorily mandated sentence of life imprisonment. *See* 18 U.S.C.A. § 1958(a).

Therefore, Bates fails to adequately demonstrate that this was an unusually long sentence, that there was a change in the law, or that there is a gross disparity in his sentencing. Accordingly, the Court finds that there are no extraordinary and compelling reasons for compassionate release. *See United States v. Samak*, No. CR 91-189, 2023 WL 7002808, at *4 (E.D. La. Oct. 24, 2023) (finding U.S.S.G. § 1B1.13(b)(6) inapplicable where "no change in the law would produce a 'gross disparity between the sentence being served and the sentence likely to be imposed [at this time]'" (alteration in original) (quoting U.S.S.G. 1B1.13(b)(6)); *see also United States v. Allen*, No. CR 12-138, 2024 WL 2784802, at *3 (E.D. La. May 30, 2024) ("Regardless of whether U.S.S.G. § 1B1.13(b)(6) is a proper exercise of the Sentencing Commission's authority, . . . [defendant] has not demonstrated that his sentence was 'unusually long,' that there would be a 'gross disparity'

between the sentence he is serving and the sentence that would be imposed if he were sentenced today, or that his rehabilitative efforts constitute individualized circumstances that justify consideration of nonretroactive changes in the law."). Thus, Bate's motion must be denied. *See United States v. Chehab*, No. 20-10855, 2021 WL 5313619, at *2 (5th Cir. Nov. 15, 2021) (affirming district court's denial of motion for compassionate release based on finding that no extraordinary and compelling reasons justified release, and declining to consider additional arguments because this was an adequate ground to affirm).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.[22]

New Orleans, Louisiana, this __6th__ day of November, 2024.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[22]   R. Doc. 537.